FILED
SUPERIOR COURT
OF GUAM

2019 NOV 25 PM 12: 19

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

        vs.

JOHNNY BORJA ATALIG,
DOB: 05/30/1975,

        DEFENDANT.

JOHNNIE GENE DEL ROSARIO,
DOB: 07/13/1975,

        DEFENDANT.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO: CF0553-19

**DECISION AND ORDER RE:
DEFENDANT ATALIG'S MOTION TO
SEVER**

## Introduction

This matter came before the Honorable Maria T. Cenzon upon Defendant Johnny Borja Atalig's ("Defendant Atalig") Motion to Sever, filed November 5, 2019. The People of Guam ("People") are represented by Chief Prosecutor J. Basil O'Mallan III. Defendant Atalig is represented by Attorney William C. Bischoff of the Public Defender's Office. Defendant Johnnie Gene Del Rosario ("Defendant Del Rosario") is the Co-Defendant in this matter and is represented by Attorney Samuel Teker. Neither the People nor Defendant Del Rosario filed a response to the Motion to Sever. After reviewing the Motion, the pleadings on the record, and the relevant law, the Court now issues this DECISION and ORDER **GRANTING** Defendant Atalig's Motion to Sever.

\\

\\

## Background

On October 18, 2019, Defendant Atalig was jointly charged with Defendant Gene Del Rosario in this matter. Indictment (Oct. 18, 2019). Both Defendants were charged with one count of **FELONY ESCAPE (As a Third Degree Felony).** *Id.* The Indictment alleges that the two Defendants escaped from a detention facility on October 9, 2019. *Id.* at 1-2.

On November 5, 2019, Defendant Atalig filed the above Motion to Sever. Motion to Sever (John Atalig) (Nov. 5, 2019). In his Motion, Defendant Atalig asserted that Defendant Del Rosario made written statements to the authorities upon his arrest which implicate Defendant Atalig. *Id.* at 1. Defendant Atalig argued that those statements would likely be used against him in trial. *Id.* Further, if Defendant Del Rosario did not testify at trial, Defendant Atalig would not have the opportunity to cross examine Defendant Del Rosario regarding the statements. *Id.* Therefore, Defendant Atalig's Sixth Amendment rights could be violated, and the trials must be severed so as to avoid that future infringement of Defendant Atalig's rights. Id.

On November 18, 2019, the People filed a Non-Opposition to the Motion. People's Non-Opposition to Motion to Sever (Nov. 18, 2019). The Court determined that oral argument was unnecessary and took the matter under advisement pursuant to Administrative Rule CVR 7.1(e)(6)(E) on November 22, 2019.

## Discussion

"Generally, defendants who are charged together should be jointly tried." *United States v. Buena Lopez,* 989 F.2d 657, 660 (9th Cir. 1993) (citing *United States v. Tootick,* 952 F.2d 1078, 1080 (9th Cir, 1991)). "Joint trials promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* at 660 (quoting *Zafiro v. United States,* 506 U.S. 534, 537 (1993)). However, where it appears that a defendant may be prejudiced by a joint trial with other defendants, the Court may grant the defendant a separate trial. *See* 8 G.C.A. § 65.35.

The Court has considerable discretion when ruling on whether to grant a Motion to Sever. *See Parker v. United States,* 404 F.2d 1193, 1194 (9th Cir. 1986). The defendant, however, bears

the burden to prove "clear, manifest, or undue prejudice from a joint trial." *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986) (citing *United States v. Sears*, 663 F.2d 896, 901 (9th Cir. 1981)) (internal quotations omitted). The test is whether joinder was so prejudicial that the trial judge was compelled to exercise his discretion to sever." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).

Specifically here, Defendant Atalig argues that his Sixth Amendment rights under the Confrontation Clause of the Constitution will be violated if the Motion is denied. Defendant Atalig claims that he is implicated in written statements about the alleged incident made by Defendant Del Rosario. Defendant Atalig asserts that if Defendant Del Rosario does not testify, Defendant Atalig will not have the opportunity to question Defendant Del Rosario on his implicating statements. Therefore, it is necessary for their trials to be separate, so as to avoid Confrontation Clause issues.

The Confrontation Clause of the Sixth Amendment guarantees criminal defendants the right "to be confronted with the witnesses against him." U.S. CONST. amend. XI. "Where testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). "Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Severance of defendants is thus required in cases where the confession of a non-testifying co-defendant implicates the other defendant, as the defendant's constitutional right to confront witnesses against him would be infringed. *Bruton v. United States*, 391 U.S. 123, 133-36 (1968). This is regardless of whether the jury is instructed to consider that confession only against the codefendant. *Id.*

Given the Confrontation Clause issues, the Court finds that having two separate trials is required under the circumstances. Therefore, the Court **GRANTS** the Motion to Sever.

\\

\\

## Conclusion

Based on the foregoing reasons, the Court hereby **GRANTS** Defendant Atalig's Motion. The case against Defendant Atalig will be now be denoted as CF0553-19-01. The case against Defendant Del Rosario will remain as CF0553-19. The parties are instructed to file all future pleadings as directed herein.

SO ORDERED this ____ **NOV 25 2019** ____.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE ... COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of _____ an MSC
_____ S-TEIZEN
NOV 2 5 2019 Time: __12-30p__

Deputy Clerk, Superior Court of Guam